IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY

CAE USA INC.,

    Plaintiff

v.                                                    Case No.: 10022123

XL INSURANCE COMPANY LIMITED,                         DIVISION G

    Defendant
_____/

## COMPLAINT

COMES NOW, the Plaintiff, CAE USA, INC., by and through its undersigned counsel and hereby files this action against the Defendant, XL INSURANCE COMPANY LIMITED, and alleges as follows:

1. CAE USA INC. is a Florida corporation incorporated and headquartered in Florida with its principle place of operations in Tampa, Florida.

2. XL INSURANCE COMPANY LIMITED is a foreign insurance company insuring persons, property, companies and operations within the State of Florida.

3. Venue is proper as the named insured, the location of the covered operations, the underlying loss location, the underlying lawsuit and the breach of contract all took place in Tampa Florida.

4. XL Insurance Global Risk, through a family of XL insurance companies, insured CAE USA INC. under a program of insurance.

5. A primary Commercial General Liability Insurance policy was issued by XL Insurance America, Inc. and delivered to CAE USA, INC. in Tampa, Florida, thereby demonstrating XL Insurance Global Risk's purposeful availment of the

1

EXHIBIT "B"

privileges of conducting activities within this State, and thereby subjecting XL INSURANCE COMPANY LIMITED to Florida's long-arm jurisdiction. (A copy of the Commercial General Liability Insurance policy is attached hereto as Exhibit "A").

6. CAE USA INC. also is a named insured under a policy issued by XL INSURANCE COMPANY LIMITED, said policy bearing the number CA00000845LI04A. (A copy of the policy is attached hereto as Exhibit "B" and shall hereinafter be referred to as the "XL INSURANCE COMPANY LIMITED policy").

7. The XL INSURANCE COMPANY LIMITED policy provides employers liability coverage to CAE USA INC. for bodily injury to employees, in addition to acting as excess coverage over the XL Insurance America Inc., CGL policy issued to CAE USA INC.

8. The XL INSURANCE COMPANY LIMITED policy was issued with effective dates of July 1, 2004 to July 1, 2005 and limits of coverage of $5,000,000 per occurrence and in the aggregate.

9. CAE USA INC. further obtained a policy of primary insurance with Wausau providing employers liability coverage with limits of 1,000,000.00 to CAE USA INC.

10. The XL INSURANCE COMPANY LIMITED policy applied as excess to the Wausau policy for employer's liability coverage.

11. Aramis Diaz and his wife Ivel Diaz (hereinafter the "Underlying Plaintiffs") brought suit against CAE USA INC. for injuries suffered by Aramis Diaz while in

the course and scope of his employment with CAE USA INC. (The original and amended complaints filed are attached hereto as Composite **Exhibit "C"** and this suit shall be hereinafter referred to as the "Underlying Action").

12. XL INSURANCE COMPANY LIMITED was notified of the Underlying Action and CAE USA INC. demanded that XL INSURANCE COMPANY LIMITED protect and indemnify CAE USA INC. against the claims of the Underlying Action.

13. Instead of protecting CAE USA INC. against the claims being pursued in the Underlying Action, XL Insurance Company issued a complete denial of coverage for any damages that could be awarded and further refused to undertake any efforts to protect CAE USA INC. through defense or settlement of the claims against CAE USA INC. The most recent denial letter is attached hereto as **Exhibit "D"**.

14. CAE USA INC. was informed of the denial of coverage by XL INSURANCE COMPANY LIMITED shortly before the scheduled trial date in the Underlying Action.

15. Under the terms and provisions of the XL INSURANCE COMPANY LIMITED policy issued to CAE USA INC., XL INSURANCE COMPANY LIMITED was and is required to attempt to settle the Underlying Action and to indemnify any judgment entered against CAE USA INC. in the Underlying Action up to the limits of its policy.

16. Such terms of the XL INSURANCE COMPANY LIMITED policy include:

In consideration of an agreed premium and subject to the Insuring Agreements, Definitions, Conditions, Exclusions and other terms of this Policy No. CA 000000845LI04A of XL Insurance Company Limited (hereinafter called the Company) does agree:

INSURING AGREEMENTS

1. To pay on behalf of the Insured:

   a. Bodily Injury

   All sums which the Insured shall become legally obligated to pay as damages because of bodily injury sustained by any person caused by an occurrence.

17. The denial of coverage by XL INSURANCE COMPANY LIMITED is without merit and constitutes a clear breach of the terms of the policy and the obligations owed to CAE USA, INC.

18. As a result of the breach of contract by XL INSURANCE COMPANY LIMITED to provide coverage for CAE USA INC. against the claims of the Underlying Plaintiffs, CAE USA INC. has suffered substantial direct and consequential damages.

19. CAE USA INC. has retained the undersigned counsel and firm to represent it in this matter and has agreed to pay the firm reasonable attorney's fees for their services, which fee CAE USA INC. is entitled to recover from XL INSURANCE COMPANY LIMITED pursuant to Florida Statute §627.428.

20. All conditions precedent for the relief requested herein have been performed, have occurred, or have otherwise been waived.

## COUNT I – DECLARATORY RELIEF

21. CAE USA INC. incorporates by reference the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22. XL INSURANCE COMPANY LIMITED was and is obligated under the express terms and implied duties of good faith arising out of its policy to attempt to settle and indemnify CAE USA INC. against the Underlying Action and the damages sought therein by the Underlying Plaintiffs.

23. The terms and provisions of the XL INSURANCE COMPANY LIMITED policy afforded coverage to the claims raised by the Underlying Plaintiffs.

24. There are no policy provisions or exclusions or other applicable legal grounds which should be construed to preclude coverage or to provide a valid basis for the denial of coverage by XL INSURANCE COMPANY LIMITED to the claims of the Underlying Plaintiffs or any damages from a settlement or judgment in the Underlying Action.

25. The denial of coverage by XL INSURANCE COMPANY LIMITED is in derogation of its obligations under the terms of its policy.

26. As the parties are in dispute as to the availability of coverage to CAE USA INC. under the XL INSURANCE COMPANY LIMITED policy and are therefore uncertain of their rights, duties, and obligations arising therefrom, this matter is appropriate for determination by the Court.

WHEREFORE, CAE USA INC. hereby requests this court issue an order declaring the rights of the parties and ruling that the XL INSURANCE COMPANY LIMITED policy of insurance should be interpreted to provide coverage for claims set forth in the Underlying Action as well as any damages arrived at through settlement or judgment in the Underlying Action, and to award CAE USA INC. attorney's fees pursuant to Florida Statute §627.428, paralegal fees

pursuant to Florida Statute § 57.104, court costs pursuant to Florida Statute §57.041, and any other relief which this Court deems just and appropriate.

### COUNT II – BREACH OF CONTRACT

27. CAE USA INC. incorporates by reference the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28. XL INSURANCE COMPANY LIMITED had a contractual obligation to investigate, administer, and defend the claims and complaints of the Underlying Plaintiffs and to provide coverage for all damages sought against CAE USA INC.

29. XL INSURANCE COMPANY LIMITED has denied coverage for any damages that CAE USA INC. would be obligated to pay as a result of settlement or judgment of the underlying action.

30. There are no policy provisions or exclusions which provide a valid basis for the denial of coverage by XL INSURANCE COMPANY LIMITED.

31. XL INSURANCE COMPANY LIMITED has breached its contractual obligations to CAE USA INC. by failing to undertake the investigation and settlement of the Underlying Action and failing to provide coverage for all damages sought against CAE USA INC. by the Underlying Plaintiffs.

32. As a direct and proximate result of XL INSURANCE COMPANY LIMITED'S breach of contract, CAE USA INC. has suffered direct and consequential damages from the breach.

WHEREFORE, CAE USA INC. requests that this Court enter an order ruling that XL INSURANCE COMPANY LIMITED has breached its contractual obligations to CAE USA

Case 8:11-cv-00064-SCB-TBM   Document 2   Filed 01/10/11   Page 7 of 7
11/29/2010 15:40 FAX                                                    ☒011

INC., award direct and consequential damages to CAE USA INC., and award CAE USA INC.'s attorneys' fees pursuant to Florida Statute §627.428, paralegal fees pursuant to Florida Statute § 57.104, court costs pursuant to Florida Statute §57.041, and any other relief which this Court deems just and appropriate.

### REQUEST FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

*/s/ John Russell*

John D. Russell, Esquire
Florida Bar No: 0050271
jrussell@wsmslaw.com
WILLIAMS SCHIFINO MANGIONE
& STEADY, P.A.
P.O. Box 380
Tampa, FL 33601
(813) 221-2626
Fax No: (813) 221-7335
Attorneys for CAE USA INC.